
**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| Arthur Ayala (Repollet), | |
| Petitioner, | Civil Action No. 15-4336(RMB) |
| v. | **OPINION** |
| Ancora Psych. Hospital, | |
| Respondent. | |

**BUMB**, District Judge

    This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, accompanied by an application to proceed <u>in forma pauperis</u>. (Pet. (ECF No. 1) and IFP Application (ECF No. 1-1.)) Petitioner alleged he is in Ancora Psychiatric Hospital and is not allowed to make a monetary transaction to pay for a writ of habeas corpus. (ECF No. 1-1 at 2.) Thus, Petitioner has established that he is unable to pay the filing fee. In the accompanying Order, this Court will grant Petitioner's IFP application pursuant to 28 U.S.C. § 1915.

    The Court must review the petition and dismiss the petition if "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 pursuant to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts.

I.   BACKGROUND

Petitioner is confined at the Ancora Psychiatric Hospital in Ancora, New Jersey. (Pet. ¶ 5.)[1] Petitioner provided the following information about the decision or action he is challenging in the present Petition: (1) Atlantic Care does not allow him to see or talk to the judge; and (2) "hearsay by word of mouth put me in every – time by PIP & ACPD . . . & . . . Medicaide/Medicare fraud since April 30, 1991 – 2015 –" (Pet. ¶ 6.)

Under the heading "Your Earlier Challenges of the Decision or Action" and the subheading "First Appeal," Petitioner contends that since 1991 he repeatedly told judges in the Ancora Civil Court about Medicare fraud, but nothing has been done. (Pet. ¶ 7.) Petitioner noted that he did not appeal because there is no appeal allowed. (Pet. ¶ 7(b)). Under the subheading "Second Appeal," Petitioner indicated that he appealed to the

---

[1] Petitioner alleges "Since April 30, 1991, I have been coming here for long periods of time with decent behavior . . . & . . ." (Pet. ¶ 5.)

2

Supreme Court but did not receive a response. (Pet. ¶ 8.) Under "Third Appeal," Petitioner alleged he appealed to Federal Court and was "Awaiting Result." (Pet. ¶ 9.) Petitioner further indicated that he filed a motion under 28 U.S.C. § 2255, and the result of his motion was "This Time." (Pet. ¶ 10.)[2]

II.  DISCUSSION

In the Petition at bar, Petitioner appears to be challenging his present confinement in Ancora Psychiatric Hospital, and the denial of an administrative claim he brought in Ancora Psychiatric Hospital, alleging Medicare and/or Medicaid fraud. The Court will dismiss the petition for lack of jurisdiction.  First, Petitioner's claim of Medicare and/or Medicaid fraud is not cognizable under 28 U.S.C. § 2241, which provides relief for persons "in custody in violation in

---

[2] The 2241 form petition completed by Petitioner also contains the question: "Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?" (Pet. ¶ 10(b)). Petitioner checked "Yes" and described the issues raised as follows: "Noel L. Hillman seem's to be on Goldenberg Mackler Sayegh & Mintz side Not on Clinton Jr. Bush Sr. Jacoby & Shapiro Side to heare the case." (Pet. ¶ 10(b)(6)). A search of the Court's electronic case filing system indicates that Arthur Ayala Repollet filed a civil rights action on May 18, 2012, and the case was assigned to United States District Judge Noel L. Hillman. See Repollet v. Goldenberg, Mackler, Sayegh & Mintz, 12cv3012 (NLH-AMD) (D.N.J. May 18, 2012). The case was administratively terminated, subject to reopening if Plaintiff filed a complete in forma pauperis application or paid the filing fee. Id. (Order dated October 2, 2012 (ECF No. 5.)) The conditions were not met, and the case was never reopened.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Second, the Court lacks jurisdiction under 28 U.S.C. § 2241 over Petitioner's habeas claim.[3] Persons challenging confinement pursuant to a state court judgment must exhaust their state court remedies and bring their challenges under 28 U.S.C. § 2254. See Duncan v. Greystone Park Psych. Hosp., Civ. Action No. 13-3482 (WJM), 2014 WL 2472144, at *1-2 (citing Coady v. Vaughn, 241 F.3d 480, 484-85 (3d Cir. 2001)); see Matthews v Norristown State Hosp., 528 F. App'x 115, 118 (3d Cir. 2013) (per curiam) (action seeking release from involuntary confinement in state hospital must be brought under 28 U.S.C. § 2254 after exhausting state court remedies). Because the present petition does not indicate that Petitioner has exhausted his state court remedies over his claim that his present confinement in Ancora Psychiatric Hospital violates the United States Constitution or federal law, this Court will not construe the petition as arising under 28 U.S.C. § 2254. Duncan, 2014 WL 2472144, at *2 n.2. In the accompanying Order, the Court will dismiss the § 2241 petition without prejudice. When Petitioner has exhausted

---

[3] This Court construes Petitioner's statement that "Hearsay by word of mouth put me in every-time By PIP & ACPD" as a claim seeking habeas relief from confinement in a state psychiatric hospital, in violation of the United States Constitution.

4

his state court remedies, he may file a petition under 28 U.S.C. § 2254, seeking release from confinement.

                                                    s/Renee Marie Bumb
                                                    **RENÉE MARIE BUMB**
                                                    **United States District Judge**

**Date:** June 30, 2015