**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Arthur Ayala (Repollet), | : | |
| | : | Civil Action No. 15-4336(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Ancora Psych. Hospital, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

Petitioner has now made three attempts to file a habeas petition challenging his confinement in Ancora Psychiatric Hospital. (See ECF Nos. 1, 4, 7.) By Order dated July 31, 2015, this Court instructed Petitioner that he may seek release from state custody under 28 U.S.C. § 2254, but he must use the proper form, and "must provide information about the specific state court decision that he is challenging. . . " (ECF No. 5 at 2.)

Although Petitioner has now used the appropriate habeas form (ECF No. 11), required by Local Civil Rule 81.2(a), he did not identify the state court decision that he is challenging,[1]

---

[1] In response to a question on the 2254 habeas petition form about the attorney who represented the petitioner in state court proceedings, Petitioner wrote "Held in a civil institution on criminal charges." (ECF No. 11 at 13, ¶16.) Petitioner did not

nor did he respond in a meaningful way to the questions regarding his exhaustion of state court remedies. (Id.) The only specific claims Petitioner raised in the present petition are "mail fraud by Ancora" "Medicare/Medicaid Fraud without investigating me" and "Medicare Part A pays involuntary institutionalizations without cease." (ECF No. 11 at 5, ¶12.)

28 U.S.C. § 2254 provides relief for "a person in custody pursuant **to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); see e.g. Wood v. Main, 789 F.Supp.2d 519 (D.N.J. June 6, 2011) (petitioner who was found not guilty by reason of insanity filed habeas petition challenging constitutionality of two state court orders). Petitioner's mail fraud and Medicare/Medicaid fraud claims are not cognizable in a § 2254 proceeding.

In the accompanying Order, the Court will deny the petition with prejudice because it does not state a claim upon which the petitioner may be entitled to relief, and Petitioner has failed to cure the deficiencies after three opportunities to amend. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (judge must promptly examine petition, and dismiss the petition if it plainly appears from the petition

---

provide any further information, and this Court has been unable to find any published state court cases regarding Petitioner's commitment to Ancora Psychiatric Hospital.

2

and any attached exhibits that the petitioner is not entitled to relief.)

                                                              s/Renée Marie Bumb
                                                              **RENÉE MARIE BUMB**
                                                              **United States District Judge**

Dated: September 16, 2015